J. Sergio GONZALEZ–GONZALEZ,
Petitioner,

v.

Alberto GONZALES, Attorney General
of the United States,*
Respondent.

No. 02–74086.
INS No. A75–301–397.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 11, 2004.

Miguel D. Gadda, Esq., Law Offices of
Miguel D. Gadda, San Francisco, CA, for
Petitioner.

Regional Counsel, Western Region Im-
migration & Naturalization Service, Lagu-
na Niguel, CA, Leslie McKay, U.S. De-
partment of Justice Office of Immigration
Litigation, Washington, DC, for Respon-
dent.

Before: FERNANDEZ, GRABER, and
GOULD, Circuit Judges.

MEMORANDUM ***

J. Sergio Gonzalez–Gonzalez, a native
and citizen of Mexico, petitions for review
of the Board of Immigration Appeals'
("BIA") summary affirmance of an immi-
gration judge's ("IJ") denial of his applica-
tion for asylum, withholding of removal,
and relief under the Convention Against
Torture ("the Convention"). We have ju-
risdiction pursuant to 8 U.S.C. § 1252.
We review questions of law de novo, see
Ladha v. INS, 215 F.3d 889, 896 (9th
Cir.2000), and an IJ's adverse credibility
determination for substantial evidence, see
Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th
Cir.2003). We deny the petition for re-
view.

The IJ made an explicit adverse credi-
bility determination when he found Gonza-
lez–Gonzalez to be an "incredible witness."
See Salaam v. INS, 229 F.3d 1234, 1238
(9th Cir.2000) (requiring an agency's ad-
verse credibility determination to indicate
disbelief of an applicant's testimony).
Moreover, the IJ's adverse credibility de-
termination was supported by substantial
evidence due to the many inconsistencies
in Gonzalez–Gonzalez's testimony which
went to the heart of his claim. See Farah,
348 F.3d at 1156. The IJ's adverse credi-
bility determination supported the denial
of Gonzalez–Gonzalez's requests for asy-
lum, withholding of removal, and relief un-
der the Convention. See id. at 1156–57.

Gonzalez–Gonzalez's due process chal-
lenge to the BIA's use of the summary
affirmance procedure is foreclosed by Fal-
con Carriche v. Ashcroft, 350 F.3d 845, 850
(9th Cir.2003).

Pursuant to Desta v. Ashcroft, 365 F.3d
741, 750 (9th Cir.2004), Gonzalez–Gonza-
lez's motion for stay of removal included a
timely request for stay of voluntary depar-
ture. Because the stay of removal was

* Alberto Gonzales is substituted for his prede-
cessor, John Ashcroft, as Attorney General of
the United States pursuant to Fed. R.App. P.
43(c)(2).

** The panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.